IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ANGELENA N. BAIZE, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.  6:23-CV-00106-JCB |
| v. | § § § | |
| DISTRICT ONE, HENDERSON COUNTY, TX, SMITH COUNTY, TX, UNKNOWN HENDERSON COUNTY SHERIFF'S OFFICERS, ON DUTY 6/6/2019; UNKNOWN SMITH COUNTY SHERIFF'S OFFICERS, ON DUTY 5/14/2021; TYLER LAW ENFORCEMENT, ON DUTY 5/14/22; DEBRA DIERTOY, KATHLEEN MENDOZA, JAMES TROY, SIMON JAMES OWEN, EUCHARICE MENDOZA, TIM THIERREN, KEVIN ROCKEFELLER, LUISA ORTEGA, | § § § § § § § | |
| Defendants. | | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Angelena Baize, proceeding pro se, initiated this civil action on February 24, 2023. (Doc. No. 1.) On March 1, 2023, the court issued an order informing Plaintiff that she did not submit the requisite filing fee or an application to proceed *in forma pauperis* ("IFP") and ordered her to either pay the $402 filing fee or submit an application to proceed IFP within 30 days of receipt of the court's order. (Doc. No. 3.) The court warned Plaintiff that failure to timely comply with the court's order may result in dismissal of the lawsuit. *Id.* Plaintiff's acknowledgement of receipt of the deficiency order was received by the court on March 8, 2023. (Doc. No. 4.) More

than 30 days has passed since Plaintiff received the court's order and Plaintiff has not complied with the court's order.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); Fed.R.Civ.P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the court and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164 (5th Cir. 1980). Plaintiff has not filed an IFP application, or paid the requisite filing fee; thus, the lawsuit should be dismissed for want of prosecution and failure to obey an order.

Having not received the filing fee or an application to proceed IFP by the court-ordered deadline, the court **RECOMMENDS** that this action be **DISMISSED** without prejudice for failure to comply with a court order and failure to prosecute. Fed.R.Civ.P. 41(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 18th day of April, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE